UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. |
| Plaintiff, | JUDGE |
| v. | INDICTMENT |
| ROBERT W. WALTON, JR., | 18 U.S.C. § 1343 |
| Defendant. | 18 U.S.C. § 664 |
| | FORFEITURE ALLEGATION |

2:21 cr -22

Judge Sargus

THE GRAND JURY CHARGES:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment, unless otherwise stated:

1. Defendant **ROBERT W. WALTON, JR.**, was the President of Hadsell Chemical Processing, LLC (HCP). HCP was located in Waverly, Ohio, in the Southern District of Ohio.

2. As President, Defendant **ROBERT W. WALTON, JR.**, controlled the operations and the finances of HCP.

3. PERSON A was a prominent local business owner who formed HCP with Defendant **ROBERT W. WALTON, JR.**

4. COMPANY 1 was a chemicals company that had a business relationship with HCP.

5. From 2012 through 2015, Defendant **ROBERT W. WALTON, JR.**, raised millions of dollars in investments purportedly for HCP and related entities from dozens of investors. Defendant **ROBERT W. WALTON, JR.**, raised these funds through the sale of promissory notes.

## COUNT 1
## (Wire Fraud)

### The Scheme to Defraud

6. Paragraphs 1 through 5 are incorporated here.

7. From at least 2012 through and including at least 2015, in the Southern District of Ohio and elsewhere, Defendant **ROBERT W. WALTON, JR.**, devised and intended to devise a scheme to defraud investors, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions.

8. It was part of the scheme to defraud that Defendant **ROBERT W. WALTON, JR.**, fraudulently sought and obtained millions of dollars in investments for HCP and related entities from dozens of investors in the form of promissory notes.

9. It was further part of the scheme to defraud that Defendant **ROBERT W. WALTON, JR.**, claimed to investors that promissory notes were personally guaranteed by PERSON A, when in fact they were not.

10. It was further part of the scheme to defraud that Defendant **ROBERT W. WALTON, JR.**, repeatedly forged PERSON A's signature.

11. It was further part of the scheme to defraud that Defendant **ROBERT W. WALTON, JR.**, fraudulently altered PERSON A's personal financial statement, which he provided to investors, to create a misimpression about PERSON A's ability to cover the promissory notes.

12. It was further part of the scheme to defraud that Defendant **ROBERT W. WALTON, JR.**, lied to investors about contracts that HCP had with COMPANY 1 and created fake invoices collectively misrepresenting that HCP had expected revenues from COMPANY 1 totaling millions of dollars, which he provided to investors.

13. It was further part of the scheme to defraud that Defendant **ROBERT W. WALTON, JR.**, altered HCP Profit and Loss Statements to falsely report a profit instead of a loss and provided the false Profit and Loss Statements to investors.

14. It was further part of the scheme to defraud that Defendant **ROBERT W. WALTON, JR.**, engaged in Ponzi-type activity by paying old investors with money received from new investors.

15. It was further part of the scheme to defraud that Defendant **ROBERT W. WALTON, JR.**, engaged in lulling activity by providing a letter to investors misrepresenting that PERSON A's personal financial statement had not changed from what Defendant **ROBERT W. WALTON, JR.**, had previously provided, when in fact it had.

## The Wire

16. On or about November 23, 2015, in the Southern District of Ohio and elsewhere, Defendant **ROBERT W. WALTON, JR.**, for the purpose of executing the above-described scheme and artifice to defraud, and in attempting to do so, knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce, signals and sounds—namely, wire communications as part of the process to clear a $97,500 check from an investor to a related entity of HCP.

**In violation of 18 U.S.C. § 1343.**

## COUNT 2
### (Theft, Embezzlement, or Conversion from an Employee Benefit Plan)

17. Paragraphs 1 through 16 are incorporated here.

18. From at least May 2015 through at least November 2015, in the Southern District of Ohio, Defendant **ROBERT W. WALTON, JR.**, did embezzle, steal, unlawfully and willfully abstract, and convert to his own use and the use of another the moneys, funds, securities, premiums, credits, property, and other assets of an employee pension benefit plan subject to title I of the Employee Retirement Income Security Act of 1974 and of a fund connected with such plan.

**In violation of 18 U.S.C. § 664.**

### FORFEITURE ALLEGATION

19. Paragraphs 1 through 18 are incorporated here.

20. Upon conviction of the violation of 18 U.S.C. § 1343 or the violation of 18 U.S.C. § 664 as set forth in this Indictment, Defendant **ROBERT W. WALTON, JR.**, shall forfeit to the United States, under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real or personal, constituting or derived from proceeds traceable to such violations.

21. *Substitute Assets*. If any of the above-described forfeitable property, as a result of any act or omission of Defendant **ROBERT W. WALTON, JR.**:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

4

it is the intent of the United States, in accordance with 21 U.S.C. § 853(p) as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of Defendant **ROBERT W. WALTON, JR.**, up to the value of the forfeitable property described above.

Forfeiture in accordance with 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.

**A TRUE BILL**

s/ Foreperson
**FOREPERSON**

**DAVID M. DEVILLERS**
**UNITED STATES ATTORNEY**

**PETER K. GLENN-APPLEGATE (0088708)**
Assistant United States Attorney