UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

                                               **Case No. 2:21-cr-22**
     v.                                    **Judge Edmund A. Sargus, Jr.**

**ROBERT W. WALTON, JR.,**

        **Defendants.**

## ORDER

This matter is before the Court on Defendant Robert W. Walton, Jr's Motion For Court Order to Issue Supoena Duces Tecum To Bankruptcy Trustee for Hadsell Chemical Processing, LLC. (ECF No. 42). As the motion's title suggests, Defendant seeks the Court's leave to "to issue a subpoena to the bankruptcy trustee for Hadsell Chemical Processing, LLC ("HCP"), for documents and records." (*Id*., at 1). Defendant filed this motion on March 22, 2022. (*Id*.). The government responded five days later, on March 28, 2022. (ECF No. 43). Defendant then replied on April 3, 2022. (ECF No. 44).

Defendant maintains that a subpoena is required to obtain "additional materials" that "are needed for purposes of a complete analysis under the United States Sentencing Guidelines and the sentencing factors under 18 U.S.C. § 3553(a)." (ECF No. 42, at 2). The Government takes no position on Defendant's motion. (ECF No. 43, at 2). They do, however, note three concerns with the potential issuance of a subpoena. These concerns are as follow:

> *First*, if the subpoena were to be issued, the bankruptcy trustee would have the right to seek to quash or modify the subpoena on various grounds, including that "compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). The United States would want to hear from the bankruptcy trustee before taking an

ultimate position on whether the subpoena should be modified or quashed on those grounds.

*Second*, if the requested subpoena would require "the production of personal or confidential information about a victim," the Court "must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object" before the Court enters an order issuing the subpoena. Fed. R. Crim. P. 17(c)(3). Without knowing what documents are in the bankruptcy trustee's possession, it is not clear to the United States whether the requested subpoena would do so. Some of the requested documents, such as investment-related documents and reports, lists of investors, and certain communications, may require the production of personal or confidential information about a victim. (See Proposed Attachment to Subpoena, R.42-1 at 150–51.) If the bankruptcy trustee were to identify that responding to the subpoena would require the production of personal or confidential information about a victim, then victims have a right to notice and hearing.

*Third*, responding to the subpoena would impose costs on the bankruptcy trustee. It is the United States' understanding that those costs would come out of the bankruptcy estate, and some victims in the criminal case may be creditors in the bankruptcy case. Accordingly, responding to the subpoena may impose indirect costs on the victims of Mr. Walton's crimes. Any subpoena should be tailored to minimize costs to the bankruptcy trustee, in order to preserve assets for the victims in this case.

(ECF No. 43, Pages 2–3) (Italicizes in original).

Defendant notes these concerns but contends that they can be mitigated. (ECF No. 44, at 2–4). Defendant avers "the law clerk for United States Bankruptcy Judge John E. Hoffman notified undersigned counsel and counsel for the trustee that the Bankruptcy Court will take no action on the motion," "Defendant is not seeking personal or confidential information about victims," and Defendant's counsel "will continue to work with and communicate with counsel for the trustee to ensure that compliance will take place in the most cost-efficient manner possible." (ECF No. 44, at 3). Further, Defendant reiterates that "much is to be learned about the scope of the relevant conduct, loss, and conduct by others," and that the subpoena is necessary to glean this information. (ECF No. 44, at 4).

The Court is persuaded by these arguments. Defendant's Motion For Court Order to Issue Supoena Duces Tecum To Bankruptcy Trustee for Hadsell Chemical Processing, LLC is **GRANTED**. (ECF No. 42). However, the Court reserves the right to address the government's concerns at a later date.

**IT IS SO ORDERED.**

**4/4/2023**                                     s/Edmund A. Sargus, Jr.
**DATE**                                           **EDMUND A. SARGUS, JR.**
                                                       **UNITED STATES DISTRICT JUDGE**